UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CR. NO. 24-20196

       v.                                HON. LAURIE J. MICHELSON

AXZAVIER SINCERE HUDGINS,

                Defendant.
_____/

## MOTION FOR REVOCATION OF DETENTION ORDER

Axzavier Hudgins, through his attorney, moves for release to home detention with a tether. He files a brief in support and states as follows:

1.    Early last month, federal authorities arrested Mr. Hudgins, age 18, for alleged possession of a machinegun (a handgun with a "Glock switch"). Mr. Hudgins has no prior adult convictions. On April 11, 2024, Judge Patti ordered him detained, in part because of the lack of a suitable residence and third-party custodian. The government indicted Mr. Hudgins on April 18, 2024.

2.    This is not a case where detention is presumed, and Mr. Hudgins is not a danger to the community if released on a tether with home detention. Mr. Hudgins proposes release to the home of Handy Jackson, a postal worker who lives in Pontiac,

Michigan. Mr. Jackson is willing to help Mr. Hudgins find employment, and his home has the benefit of being away from potentially negative influences in Detroit.

     3.     Hudgins is especially young to be facing a federal criminal case, and he has health issues (liver problems) that aren't being addressed in custody. Respectfully, tethering Mr. Hudgins to Mr. Jackson's home will reasonably assure the safety of the community.

     4.     The government does not concur in this request.

Mr. Hudgins respectfully requests that this Court revoke the detention order and permit him release on house arrest, a GPS tether, and any other conditions this Court deems appropriate.

Respectfully submitted,

s/ Benton C. Martin
Counsel for Axzavier Hudgins
613 Abbott St., Suite 500
Detroit MI 48226
Phone: 313-967-5832
Email: Benton_Martin@fd.org

Dated: May 2, 2024

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,         CR. NO. 24-20196

      v.                                  HON. LAURIE J. MICHELSON

AXZAVIER SINCERE HUDGINS,

                        Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION
<u>TO REVOKE THE DETENTION ORDER</u>**

### I.    BACKGROUND

Axzavier Hudgins is a lifelong resident of Detroit, Michigan. He shares a minor daughter with Laniya Cook, who lives with his mother, Alana Jennings. Mr. Hudgins has several other family members in the area. Both Ms. Cook and Ms. Jennings have attended prior proceedings in this matter. Ms. Jennings is a postal worker and is very supportive of her son.

Tragically, Mr. Hudgins's father committed suicide in 2015, when Mr. Hudgins was in elementary school. Despite his young age, Mr. Hudgins does have some work history.

Mr. Hudgins has some juvenile arrests, but only one prior juvenile adjudication, in 2022, which resulted in a period of juvenile probation through

1

Wayne County. When Mr. Hudgins turned 19 at the end of April 2024, he was expected to age out of his probationary program.

Pretrial Services initially recommended release in this case. But after further review of the police reports underlying Mr. Hudgins's juvenile arrests, Pretrial Services recommended detention. The government acknowledged at the detention hearing before Judge Patti that the priors appear to be mostly juvenile burglary and theft offenses associated with stolen vehicles.

At the detention hearing, the government proffered that Mr. Hudgins possessed a handgun with a Glock switch on March 7, 2024, at a local Asian Corned Beef restaurant, while high on huffed air, also called "whippets." While in the restaurant, Mr. Hudgins allegedly showed the gun to others with him, and patrons saw the gun and called 911, and when confronted by officers, he ran (as did another person with him) and threw the gun.

The government also pointed out that the gun possibly traces to a homicide, though a description of the shooter in that incident does not match Mr. Hudgins. Further, the government alleged that Mr. Hudgins is believed to be affiliated with a gang called JTK.

When officers searched the home where Mr. Hudgins lives with his mother, they found another gun in the basement, where his younger brother (age 17) lives. His brother was on probation for a shooting.

2

The government in addition pointed out that Mr. Hudgins was on home detention at the time of the search, for a financial-device theft charge out of Northville, Michigan. The government argued that Mr. Hudgins possessed a gun while on bond in that case, but it also acknowledged that the conditions of Mr. Hudgins's pretrial release in that case did not prohibit him from possessing a firearm.

The defense noted Mr. Hudgins's young age and strong family support. In addition, Mr. Hudgins maintains a health co-parenting relationship with the mother of his child. Counsel pointed out that, unlike many federal gun cases, Mr. Hudgins has no prior felony conviction and has never been told he cannot possess guns. Counsel also explained that Glock switches are not only cheap (only ~$150) and are increasingly common in Detroit.

Further, counsel stated that Mr. Hudgins's juvenile offenses appeared related to trauma surrounding the death of his father leading him to be around the wrong crowd, and that trauma could be addressed through mental health services if Mr. Hudgins were placed on pretrial release. Counsel also argued that what the government described as a "gang" appeared to be a group of friends who rallied together after another friend died. They made music videos together, but did not act as an organized street gang.

Counsel further emphasized that federal pretrial supervision is far more robust than the type of supervision that Hudgins experienced in the past through the state juvenile system.

## II.   STANDARD OF REVIEW

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This Court should consider every form of release available before imposing detention. *United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985). The government bears the burden of persuading the court "that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.*

The Bail Reform Act does not require certainty. Rather, to order release, this Court must find that conditions exist that could "reasonably assure" the defendant's appearance and the safety of the community. In urging fellow judges to be less risk aversion in permitting pretrial release, Judge Carr has argued that, apart from sentencing, "no decision in any criminal case is more important or consequential" than whether a defendant is released on bond. Judge James G. Carr, *Why Pretrial Release Really Matters*, 29 Fed. Sent'g Rep. 217, 217 (2017).

## III.   EVALUATION OF FACTORS FAVORING RELEASE

Mr. Hudgins agrees to home detention and placement on a GPS tether. The GPS monitoring program enables defendants to remain at home while allowing

4

Pretrial Services to accurately monitor their movement. This program stems from the Bail Reform Act's mandate that, if reasonable conditions can be set, the "judicial officer shall order the pretrial release of the person—subject to the *least restrictive further conditions* or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142 (emphasis added).

Mr. Hudgins has been in custody for a month, and this time in detention is notable. He has never served jail time, much less faced a federal criminal prosecution for a felony offense. Time in pretrial detention can render an individual "a more sober-minded individual," who will reasonably be able to comply with conditions of release. *See United States v. Thrasher*, Case No. 17-mj-30200, ECF Doc. 7 (E.D. Mich. Apr. 27, 2017). For that reason, another judge on this Court released a defendant, after a period of pretrial detention, despite the fact that he likely qualified as a career offender.

This case, and Mr. Hudgins's incarceration, has served as a wake-up call for Mr. Hudgins. Mr. Hudgins has never done serious time in custody. He is well aware now of the ramifications. He misses seeing his child. He wants to find employment. He understands the privilege he would have if he were allowed to be on release.

The GPS tether program in this district has been very successful in ensuring the safety of the community: "In the Eastern District of Michigan, 70% of all of the

5

offenders charged are typically released; only 30% are detained. Of those released, less than 2% re-offend while on release." *United States v. Kuppe*, 15-20522, Dkt. No. 40, Pg ID 298 (E.D. Mich. Nov. 24, 2015).

Counsel recognizes the concern posed by the allegations taken from police reports that are summarized in the pretrial services report. None of these offenses—save for the concealing a motor vehicle juvenile in 2022—have been adjudicated. Moreover, many if not all of these arrests appear to derive from Mr. Hudgins's involvement with a bad crowd. Respectfully, the additional condition of tethering Mr. Hudgins to Mr. Jackson's home will reasonably assure that Mr. Hudgins does not involve himself with those influences.

## CONCLUSION

Mr. Hudgins requests this Court to grant him release on home detention to the home of Handy Jackson.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Benton C. Martin
Counsel for Axzavier Hudgins
613 Abbott St., Suite 500
Detroit MI 48226
Phone: 313-967-5832
Email: Benton_Martin@fd.org

Dated: May 2, 2024

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,         CR. NO. 24-20196

    v.                        HON. LAURIE J. MICHELSON

AXZAVIER SINCERE HUDGINS,

                Defendant.
_____/

CERTIFICATE OF SERVICE

     I hereby certify that on May 2, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to opposing counsel.

                            s/ Benton C. Martin
                            Attorney for Axzavier Hudgins
                            613 Abbott, Suite 500
                            Detroit MI 48226
                            Phone: 313-967-5832
                            benton_martin@fd.org