UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                              Case No. 24-CR-20196

v.                                   Hon. Laurie J. Michelson

Axzavier Sincere Hudgins,

        Defendant.

---

**United States' response and brief opposing Hudgins's motion to dismiss pursuant to *Garland v. Cargill*, 602 U.S. 406 (2024)**
**(ECF No. 27, PageID.114)**

---

For the reasons stated in the attached brief, Hudgins's motion should be denied.

                                            DAWN N. ISON
                                            United States Attorney

                                            *s/Jeremiah G. Smith*
                                            JEREMIAH G. SMITH
                                            Assistant United States Attorney
                                            211 W. Fort Street, Suite 2001
                                            Detroit, Michigan 48226
                                            (313) 226-0242
                                            jeremiah.smith@usdoj.gov

Date: August 13, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                      Case No. 24-CR-20196

v.                                        Hon. Laurie J. Michelson

Axzavier Sincere Hudgins,

        Defendant.

---

**United States' brief opposing Hudgins's motion to dismiss pursuant to *Garland v. Cargill*, 602 U.S. 406 (2024)**
**(ECF No. 27, PageID.114)**

---

Axzavier Hudgins illegally possessed a machinegun on March 7, 2024. He brandished a Glock 19 pistol equipped with a machinegun conversion device (MCD) inside of restaurant and later tossed it while running from police. The MCD enabled the Glock to be capable of shooting multiple rounds automatically with a single trigger squeeze. Hudgins's MCD qualifies as a machinegun under 26 U.S.C. § 5845(b). *Garland v. Cargill*, 602 U.S. 406 (2024) confirms it. With no basis to dismiss, this Court should deny Hudgins's motion.

## FACTS

On March 7, 2024, at approximately 8:10 pm, Detroit police officers responded to multiple 911 calls reporting young black males brandishing firearms at

a local restaurant. Hudgins was one of them. When officers arrived on scene, Hudgins ran away. He fled across multiple streets. He jumped over two fences before chucking his Glock 19 pistol in a resident's yard. Police quickly found and recovered his pistol. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) later determined it was equipped with an MCD, commonly referred to as a "Glock switch." Following his arrest, Hudgins admitted to buying the "switch" for $150.

On April 16, 2024, a federal grand jury returned an indictment charging Hudgins with violating 18 U.S.C. § 922(o), which makes possession of a machinegun illegal. (ECF No. 16, PageID.31: Indictment). Hudgins now seeks this Court to dismiss the indictment, claiming that the Cargill case renders his indictment unlawful. Hudgins is wrong. This Court should deny his motion.

## ARGUMENT

### I. An MCD meets the machinegun definition described in 26 U.S.C. § 5845(b).

Congress defined a machinegun as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). The statutory definition includes, "any part designed and intended…for use in converting a weapon into a machinegun." *Id*. In *Garland v. Cargill*, 602 U.S. 406 (2024), the Supreme Court tackled the question of whether a semiautomatic rifle equipped with a bump stock—an accessory for a semiautomatic rifle that allows the shooter to

3

rapidly reengage the trigger—qualified as a "machinegun" for purposes of 18 U.S.C. § 922(o). The Court noted that a machinegun enables a shooter to fire multiple times, or even continuously, automatically by engaging the trigger only once. *Cargill*, 602 at 410. In contrast, a "semiautomatic" firearm requires the shooter to release and reengage the trigger each time a single shot is fired. *Id.* at 411. The Court held that a bump stock could not qualify as a "machinegun" because it required the user to, "release and reset the trigger between every shot." *Id*. at 415.

*Cargill* instructed that courts should consider two factors when determining whether a device converts a semiautomatic firearm into a "machinegun": (1) does the device enable the firearm to fire more than one shot by a single function of the trigger; and (2) if so, does the device shoot automatically more than one shot with a single function of the trigger. *Id.* at 415, 424. Here, because the MCD enables a shooter to fire multiple times automatically by engaging the trigger only one time, it meets the definition of a machinegun.

In its original state, a Glock 19 pistol fires only one shot per function of the trigger. In other words, a Glock pistol operates by "one squeeze, one shot." To fire another shot, the shooter must release the trigger and then reengage it (squeeze it again) to activate the firing mechanism. But things change when a shooter installs an MCD to a Glock pistol. The MCD disables the firearm's ability to limit one round of ammunition to be fired per function of the trigger. *See* ECF 1, PageID.7:

4

Complaint. With the MCD, once the shooter squeezes the trigger, the Glock will automatically fire multiple rounds because the device overrides the firearm's internal safety mechanisms and enables the repetitive engagement of the trigger bar without help from the shooter. The MCD's enabling of the repetitive reengagement of the trigger bar causes a repetitive disengagement of the firing pin, which results in an automatic shooting of the available ammunition. *See* U.S. Patent No. 5705763A (detailed description of the preferred embodiments, figures 1c-d, (issued Jan. 6, 1998), available at https://patents.google.com/patent/US5705763A).

MCDs are like auto sears in fully automatic rifles. Auto sears, following a single function of the trigger, interrupt the reset of the hammer, rerelease it, and cause it to strike the firing pin for all subsequent shots. *Cargill*, 602 U.S. at 420 n.4; see also *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, No. 4:23-cv-00830-O, 2024 U.S. Dist. LEXIS 131012, at *57, --- F. Supp.3d --- (N.D. Tex. July 23, 2024) (O'Connor, J.) (contrasting auto sears from forced reset triggers and bump stocks, which require the trigger to move for every shot). Both devices override the basic mechanical process of a firearm so that the trigger functions only once in a string of automatic fire.

An MCD eliminates the need for a shooter to engage, release, and then reengage the trigger to fire more than one shot. Just like squeezing the "trigger" of the nozzle grip on a garden hose allows for a constant stream of water, an MCD

allows the shooter to fire a constant stream of bullets with a single function of the trigger. Because of this specific function, an MCD converts the Glock into a machinegun.

Hudgins's argument that MCDs are like non-mechanical bump stocks fails for two reasons. First, a bump stock requires that a shooter rapidly manipulate (i.e. engage, release, and reengage) the trigger to achieve a high rate of semi-automatic fire. *Cargill*, 602 U.S. at 421-23. An MCD does not require the shooter to engage, release, and reengage the trigger for each additional shot. MCDs require the shooter engage the trigger *only once* to achieve the automatic firing of multiple rounds.

Second, nothing more than a single function of the trigger is required to achieve automatic fire with an MCD or "Glock switch." Besides pressing and holding the trigger down, the MCD needs no other manual input. Contrary to Hudgins's argument, MCDs do not require engaging the trigger "and then some" because the shooter must hold the trigger down. The Supreme Court highlighted that, "simply pressing and holding the trigger down on a fully automatic [firearm] is not manual input in addition to a trigger's function—it is what causes the trigger to function in the first place." *Id.* at 425.

*Cargill* dealt with bump stocks, a different firearm accessory than an MCD. Bump stocks are simply different. With a bump stock, in addition to repetitive engagements of the trigger, they also require the shooter to maintain forward

6

pressure with his off hand (non-trigger hand) on the forward stock of the rifle. The manual input by the shooter's off hand must be precise and constant so that it generates the correct amount of force to release and reset the trigger before it is reengaged for each additional shot. Conversely, MCDs do not require a shooter's additional manual input. A person can achieve automatic machinegun fire with an MCD one-handed. All the shooter needs to do is press and hold the trigger down one time and the gun will empty the magazine automatically.

### II. Interpreting § 5845(b) to exclude MCDs would render the statute useless.

Congress intended to ban the illegal possession of machineguns. *See* 18 U.S.C. § 922(o). And a machinegun includes "any part designed and intended…for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). As explained above, MCDs convert semiautomatic Glock pistols into machineguns. Reading § 5845(b) as Hudgins suggests would effectively eviscerate 18 U.S.C. § 922(o) because the question is not whether a gun has a potential high rate of fire. The question concerns whether a conversion device allows a shooter to automatically expel multiple rounds of ammunition with one trigger squeeze. An MCD is a machinegun because it enables the firing automatically of multiple rounds with a single function of the trigger, not because of its potential high rate of fire. If this Court accepted Hudgins's argument and interpreted § 5845(b) to exclude MCDs, then it will exclude all "traditional" machineguns, too. The statute would be rendered

7

useless, and it would undermine Congress's intent to ban the illegal possession of machineguns.

## CONCLUSION

MCDs qualify as "machineguns" under the statute. This Court should deny Hudgins's motion to dismiss the indictment.

    Respectfully submitted,

    DAWN N. ISON
    United States Attorney

    *s/Jeremiah G. Smith*
    JEREMIAH G. SMITH
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-0242
    jeremiah.smith@usdoj.gov

Date: August 13, 2024

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of this filing to all users of record via electronic mail.

*s/Jeremiah G. Smith*
JEREMIAH G. SMITH
Assistant United States Attorney